IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| UNITED STATES OF AMERICA, Plaintiff, vs. PHILIP ALLAN MORRIS, Defendant. | CR 15-14-BLG-SPW ORDER |
|---|---|

Defendant Philip Allan Morris ("Morris") is charged with Possession With Intent to Distribute Methamphetamine and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Doc. 3). He has moved to dismiss the charges under the Sixth Amendment, the Speedy Trial Act, and the Federal Rules of Criminal Procedure. (Doc. 34).

On September 2, 2016, the Court held an evidentiary hearing. The Court heard testimony from Morris and Drug Enforcement Administration Special Agent Mike Zidack ("Agent Zidack"). Having read and reviewed the parties' submissions and having heard the testimony of the witnesses noted above, the Court DENIES Morris's motion.

**I. Statement of Facts.**

On February 3, 2015, Laurel City Police Officer James Huertas pulled Morris over for driving westbound in the eastbound lane of I-90. (Doc. 33-1). Officer Huertas arrested Morris on suspicion he was driving under the influence of drugs. (Doc. 33-1). Officer Huertas obtained a search warrant for Morris's vehicle and found approximately four pounds of methamphetamine and a Berretta pistol. (Doc. 33-1). Later that day, Officer Huertas notified Agent Zidack of the methamphetamine. Agent Zidack took possession of the evidence obtained from the search warrant.

Morris was held in state custody on charges of possession with intent to distribute, DUI, and criminal endangerment. He posted bond on February 6, 2015, and then failed to appear at his arraignment in state court a week later. The state court issued a bench warrant for his arrest on February 17, 2015. Morris was federally indicted two days later.

On April 10, 2015, Morris was arrested in Portland, Oregon, on the state court bench warrant. Morris's trial in state court was initially scheduled for November 9, 2015, but was continued three times. (Doc. 49-1). At least one of the continuances was granted upon motion by Morris. (Doc. 49-1). While the state eventually dismissed the possession charge, Morris remained in state custody until March 17, 2016, when he entered a plea agreement on his remaining charges. (Doc. 49-1). The next day, Morris was transferred into federal custody and

arraigned. (Doc. 49-1). Morris experienced distress when he was transferred into federal custody because, after the state dismissed the possession charge, he thought he would not faces charges relating to the methamphetamine.

Morris's federal trial was initially scheduled for May 16, 2016. (Doc. 12). On April 12, 2016, Morris moved to continue and trial was reset for July 18, 2016. (Doc. 18; Doc. 20). On May 31, 2016, Morris again moved to continue and trial was reset for August 22, 2016. (Doc. 21; Doc. 23). On July 15, 2016, Morris again moved to continue and trial was reset for September 19, 2016. (Doc. 26; Doc. 28). After the evidentiary hearing on September 2, 2016, Morris moved a fourth time to continue and trial was reset for November 14, 2016. (Doc. 44).

Sometime in July 2016, Agent Zidack reviewed the February 3, 2015, video of Morris's traffic stop and Morris's interview at the Laurel Police Department. Agent Zidack noticed the video lacked audio and inquired with the Laurel Police Department if there was a way to fix the problem. The Laurel Police Department informed Agent Zidack it had experienced multiple technical issues with its audio during the time frame that Morris's traffic stop and interview occurred. As a result, the problem could not be fixed because the video had not acquired any audio at the time it was recorded.

## II. Morris's Sixth Amendment right to a speedy trial has not been violated because the government is not responsible for the delay and there is a lack of prejudice.

The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial . . . ." The fundamental right to a speedy trial is imposed on the States by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 226 (1967). The right attaches when a defendant is "indicted, arrested, or otherwise officially accused," whichever comes first. *United States v. MacDonald*, 456 U.S. 1, 6-7 (1982). The Court employs a balancing test to determine whether the right to a speedy trial has been violated. *Doggett v. United States*, 505 U.S. 647, 651 (1992). The factors to be considered are (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as the delay's result. *Doggett*, 505 U.S. at 651 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

**1. The length of the delay.**

The length of the delay is a threshold issue. *Barker*, 407 U.S. at 520. Delay is measured from "the time of the indictment to the time of trial." *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. "Most courts have

found a delay that approaches one year is presumptively prejudicial." *U.S. v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007). Here, Morris was indicted in February 2015. Trial is set for November 2016. The twenty-one month delay meets the presumptively prejudicial threshold and justifies further inquiry.

**2. The reason for the delay.**

The length of the delay must be examined in light of the degree of culpability or negligence by the government. *See United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993). The less at fault the government is for the delay, the more likely the delay was justified. *See Barker*, 407 U.S. at 531. A deliberate attempt to hamper the defense by delaying the trial should be weighed heavily against the government. *Barker*, 407 U.S. at 531. Government negligence should be weighted less heavily. *Barker*, 407 U.S. at 531. A valid reason justifies the delay. *Barker*, 407 U.S. at 531.

Here, this factor weighs in the government's favor because the twenty-one month delay is not attributable to the government. The period between February 2015 and April 2015 is attributable to Morris jumping bail. The period from April 2015 until March 2016 is attributable to the state prosecution, which includes at least one motion to continue the trial by Morris. (Doc. 49-1). The government's decision to allow the state the opportunity to proceed with the state charges is a reasonable one. *See U.S. v. Packer*, 857 F.Supp. 726, 733 (C.D. Cal. 1994). The

remaining period from March 2016 until the present is attributable to Morris because he has moved to continue the trial four times. (Doc. 18; Doc. 21; Doc. 26; Doc. 44). The government is not responsible for the twenty-one month delay.

**3. The Defendant's assertion of his right to a speedy trial.**

A defendant's assertion of his speedy trial right after requesting numerous continuances weighs neither in favor of dismissal nor in favor of the government. *Corona-Verbera*, 509 F.3d at 1116. Morris's assertion of his speedy trial right occurred after he moved to continue the trial three times. Therefore, this factor is neutral and not in favor of either party.

**4. Prejudice to the Defendant.**

The Supreme Court has identified three interests the speedy trial right is designed to protect and which may be prejudiced by an excessive delay: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern; and (3) limiting the possibility that delay will impair the defense. *Barker*, 407 U.S. at 532.

Morris argues he was prejudiced in three ways. First, Morris argues the audio from the traffic stop video was damaged at some point between the traffic stop and his federal arrest. Agent Zidack testified the audio was not working properly from the outset due to technological problems. Morris offered no evidence to counter this testimony. Based on a preponderance of the evidence, the

audio was not damaged during the period of delay and Morris suffered no prejudice as a result of the delay.

Second, Morris argues the government obtained a tactical advantage because he could have successfully challenged the search warrant had he been arraigned sooner. Morris offers no evidence or law to support his contention that the delay compromised a successful challenge to the search warrant. As such, this argument is without merit.

Third, Morris argues he suffered distress because of the delay. At the suppression hearing, Morris stated he thought there were no charges related to the methamphetamine once the state dismissed the possession charge. He further stated he suffered distress when he was transferred into federal custody to face drug trafficking charges. This Court has previously recognized the distress caused by the government's practice of sealing indictments longer than necessary. *United States v. Lozier*, CR 15-67-BLG-SPW (Doc. 9). However, despite Morris's distress, the Court finds this factor weighs in the government's favor because Morris was not a victim of oppressive pretrial incarceration and his defense was not impaired as a result of the delay. *Barker*, 407 U.S. at 532.

The Court finds the *Barker* factors weigh in the government's favor. The presumption of prejudice established under the first factor is overcome by the reasons for the delay under the second factor and the lack of prejudice established

under the fourth factor. Morris's Sixth Amendment speedy trial right has not been violated.

## III. The Speedy Trial Act has not been violated because delay due to continuances that serve the ends of justice are excluded from the 70-day time limit under 18 U.S.C. § 3161(h)(7)(A).

Under the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.*:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Periods of delay resulting from a continuance that serves the ends of justice are excluded from the 70-day time limit. 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act also provides:

> If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly--
>
> > (A) undertake to obtain the presence of the prisoner for trial; or
> > (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

18 U.S.C. § 3161(j)(1)(A-B).

Here, the 70-day limit between Morris's arraignment and trial has not elapsed with respect to the Speedy Trial Act because, upon motion by Morris, the Court has continued the trial four times to serve the ends of justice. (Doc. 20; Doc.

23; Doc. 28; Doc. 44). The time between the initial trial date of May 16, 2016, to the current trial date of November 14, 2016, is excluded from the calculation under 18 U.S.C. § 3161(h)(7)(A). The 70-day limit contained in 18 U.S.C. § 3161(c)(1) has not been violated.

Morris also argues the government violated 18 U.S.C. § 3161(j)(1)(A-B) because it did not promptly arraign or advise Morris of the indictment. However, by its plain language, 18 U.S.C. § 3161(j)(1)(A-B) obligates the government only to persons "serving a term of imprisonment in any penal institution." Morris was not "serving a term of imprisonment" until his conviction on March 17, 2016. (Doc. 49-1). The government arrested Morris and brought him to arraignment March 18, 2016, satisfying its obligation to promptly "obtain the presence" of Morris once he was "serving a term of imprisonment." (Doc. 7; Doc. 13). 18 U.S.C. § 3161(J)(1)(A-B) has not been violated.

## VI. Rule 48 has not been violated because Morris's trial has not been unnecessarily delayed.

The Court may dismiss an indictment, information, or complaint if "unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). The rule grants the trial court "inherent power, derived from common law, to dismiss a case for want of prosecution, whether or not there has

been a Sixth Amendment violation." *U.S. v. Simmons*, 536 F.2d 827, 832 (9th Cir. 1976).

For the reasons discussed in parts II and III above, the Court holds Rule 48 has not been violated because Morris's trial has not been unnecessarily delayed.

## VI. Conclusion

For the reasons discussed above, Morris's Motion to Dismiss (Doc. 34) is DENIED.

DATED this 26th day of September 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge